## The Fort Wayne and Elmwood Railway Company v. The City of Detroit.

*Street railway: Ordinance: Construction: Repaving: Materials: Repairs.*
Under an ordinance requiring a street railway company to "keep the surface of the street inside the rails and for two feet four inches outside thereof in good order and repair, provided, however, that upon the paved portion of said streets the materials for repaving shall be supplied at the expense of the city," where the city directs the company to "raise and repair" that portion of the pavement which is within the rails, at a time when it had become so worn and dilapidated that a reconstruction with new materials was essential, the city is bound to bear the expense of the materials; such repairs amount to repaving within the meaning of the proviso.

*Submitted on briefs April 12.   Decided April 20.*

Error to Superior Court of Detroit.

*Pond & Brown* and *G. V. N. Lothrop*, for plaintiff in error.

*D. C. Holbrook, City Counselor*, for defendant in error.

COOLEY, CH. J:

The controversy in this case only involves the construction of an ordinance under which the track of the plaintiff has been laid in certain of the streets of Detroit. By that ordinance the railway company was required to "keep the surface of the streets inside the rails, and for two feet four inches outside thereof, in good order and repair," "provided, however, that upon the paved portion of said streets the materials for repaving shall be supplied at the expense of the city."

The plaintiff's case is, that the city has directed the company to "raise and repair" that portion of the pavement which was within the rails, at a time when it had become so worn and dilapidated that a reconstruction with new materials was essential; and that treating this as a repavement, it has demanded of the city the material for the purpose, and on a failure of the city to comply with the demand, has proceeded to supply the materials itself. This suit is to recover the value of these materials. It is claimed on the part of the city that the proviso in the ordinance applies only to the repaving of the whole street; and that any requirement which falls short of this is to be understood as a requirement of repairs only.

Such a construction would put it in the power of the city to nullify the proviso entirely. A street may not all require repaving when a part of it does, and it is competent to order one part repaved while the remainder is left for further use with the existing pavement. If that is a repavement under the proviso only when the whole street is ordered repaved, the city has only to order the railway company from time to time to repair that portion of the street

specified in the ordinance, and then by excepting that portion from any ordinance for repaving the street, it may succeed in relieving the city of the whole burden of keeping the part set apart for the railway company in condition for use at all times, because as to that part there would then be no repavement in the sense contended for. This could not have been the intent of the ordinance. It is reasonable, we think, to suppose that when the city undertook to bear the cost of materials for repaving, the possibility was contemplated that the repaving of the track of the railway company might become essential when the remainder of the street did not require it; and when an order is made upon the company which it cannot comply with except by a reconstruction of the pavement within its track, this must be considered as such a requirement as calls for repaving within the meaning of the proviso in question.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.